UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE THOMAS, aka HORACE BELL, | No. 2:14-cv-0106 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| D. RAINWATER, et al., | |
| Defendants. | |

Introduction

Plaintiff is a state prisoner proceeding without counsel. On March 3, 2014, plaintiff filed a motion to proceed in forma pauperis, and a request for extension of time in which to file the application based on his transfer from High Desert State Prison ("HDSP") to Kern Valley State Prison ("KVSP"). Plaintiff's request for extension of time is granted, and the application is deemed timely filed. On February 3, 2014, and March 3, 2014, plaintiff filed a motion for name change. The court will address plaintiff's pending motions below.

Motion to Proceed In Forma Pauperis

The court turns now to plaintiff's request to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that plaintiff is precluded from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g), and must pay the court's filing fee in full.

////

1

Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted. See Orders filed July 12, 2012, in Bell v. Kurz, 1:10-cv-0310 LJO GSA (E.D. Cal.) (failure to state a claim; adopting May 30, 2012 findings and recommendations); August 26, 2011, in Bell v. Lopez, Case No. 1:10-cv-1762 SKO (E.D. Cal.) (failure to state a claim); June 15, 2010, in Bell v. Shapiro, Case No. 10-55278 (9th Cir.) (in forma pauperis status denied because appeal is frivolous). These strikes were final before plaintiff filed the instant action on January 2, 2014. Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The imminent danger exception applies only if it is clear that the danger existed when the complaint was filed, and the allegation must be plausible.. Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (9th Cir. 2007). The court is required to assess the relevant circumstances and conditions at the time the complaint was filed, to determine "whether the complaint, as a whole, alleges imminent danger of serious physical injury." Id. (citation and internal quotation marks omitted). Further, a prisoner's complaint can demonstrate "imminent danger" by alleging an ongoing danger." Andrews, 493 F.3d at 1056-57. The alleged imminent danger must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Allegations that are overly speculative or fanciful may be rejected. Andrews, 493 F.3d at 1057 n.11.

In his complaint, plaintiff alleges that on October 29, 2012, while housed at HDSP, defendant Arana dumped plaintiff out of his wheelchair onto the ground on plaintiff's knees, causing him irreparable harm, and that defendant Rainwater failed to prevent defendant Arana from dumping plaintiff out of his wheelchair, in violation of the Eighth Amendment. (ECF No. 1 at 5.) Plaintiff contends his injuries are ongoing, and that "[t]o date plaintiff believes his life is in imminent danger of harm or death." (ECF No. 1 at 5.)

A prisoner's allegation that he faced danger in the past is insufficient to allow the prisoner to proceed in forma pauperis. Addul-Akbar v. McKelvie, 239 F.3d 307, 311-13 (3d Cir. 2001). Though the imminent danger exception may be satisfied where a danger is alleged to be ongoing,

2

see Tierney v. Alo, 2012 WL 622238 at *2 (D. Hawaii February 24, 2012), citing Andrews, 493 F.3d at 1056, nothing in the plaintiff's complaint suggests threat of harm extending beyond 2012. Plaintiff provides no other facts to support his claim of imminent danger.  (ECF No. 1, *passim*.)

The undersigned cannot find that plaintiff was under imminent danger of serious physical injury either at the time he filed his complaint, or based on an ongoing practice.  Unlike the prisoner in Andrews, plaintiff provided no detailed factual information to support his one allegation concerning imminent danger.  The complaint raises allegations concerning a concrete event on October 29, 2012, and does not describe any ongoing practice that might put him at risk of imminent serious physical injury.  Thus, plaintiff's conclusory allegation is not sufficient.  See Childs v. Miller, 713 F.3d 1262, 1267 (10th Cir. 2013) (specific and credible allegations of imminent danger of serious physical injury are required); Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (the threat or prison condition must be real and proximate);

Therefore, plaintiff must submit the appropriate filing fee in order to proceed with this action.  If plaintiff fails to submit the $400.00 filing fee within twenty-one days from the date of this order, the undersigned will recommend that plaintiff's motion to proceed in forma pauperis be denied, and that this action be dismissed

Motion for Name Change

On February 3, 2014, plaintiff filed a motion for name change.  (ECF No. 7.)  Plaintiff states that on January 23, 2014, Officer Steadman told plaintiff that an "unknown [sergeant] told Steadman to change plaintiff['s] cell card to Horace Thomas."  (ECF No. 7.)  Plaintiff asks the court to change his name, but notes that his inmate identification number is the same, J-42454, and that the warden "has not explained to plaintiff the reason for the name change."  (ECF No. 7.) On March 3, 2014, plaintiff filed a second motion for name change.  (ECF No. 13.)  In this motion, plaintiff states that "prison records analyst A. Tafoya changed plaintiff['s] name to "aka Horace Thomas J-42454."  (ECF No. 13 at 1.)  The certified inmate statement report submitted on March 3, 2014, bears the name "Thomas, Horace," with the CDCR #J-42454.  (ECF No. 12 at 3.)

The majority of cases addressing the subject of name changes by prisoners concern religious name changes.  See Malik v. Brown, 71 F.3d, 724, 728 (9th Cir. 1995) (collecting

cases). Unlike those cases, plaintiff contends prison officials changed plaintiff's name, allegedly for some unknown reason. Plaintiff does not appear to object to the name change, as he continues to ask the court to change his name.

However, the court takes judicial notice of other cases filed by plaintiff. In <u>Bell v. Harrington</u>, Case No. 2:10-cv-3599 (C.D. May 20, 2010), the court noted the alias and true names of plaintiff: "Horace Bell, aka Horace Andrew Bell, true name Horace Thomas." <u>Id.</u> (ECF No. 7 at 1.). Indeed, in another case, plaintiff was ordered to show cause "why filing under a false name and the false statement of prior litigation in plaintiff's complaint does not violate Rule 11(b)(3) of the Federal Rules of Civil Procedure," and why the action should not be dismissed as a sanction. <u>Bell v. Dikin</u>, Case No. 1:10-cv-1346 GBC (E.D. Cal. January 3, 2011). On June 8, 2011, plaintiff's in forma pauperis status was revoked, and his case was dismissed as a sanction for violating Rule 11(b)(3). <u>Dikin</u>, Case No. 1:10-1346 GBC. Plaintiff's case, <u>Bell v. Romero</u>, Case No. 1:09-cv-2014 OWW GBC (E.D. Cal.), was also dismissed as a sanction for violating Rule 11(b)(3) by misrepresenting previous and pending litigation. <u>Romero</u>, Case No. 1:09-cv-2014 GBC (ECF No. 46).

Thus, court records suggest that plaintiff is, in fact, aware of why prison officials changed plaintiff's name to Horace Thomas. However, the court notes that most of plaintiff's filings in this district bear the name Horace Bell or Horace Anthony Bell. Therefore the court will partially grant plaintiff's motions to change his name. The Clerk of the Court is directed to change plaintiff's name on the docket to "Horace Thomas, aka Horace Bell." Plaintiff is cautioned that misrepresentations to the court may result in the imposition of sanctions, including, but not limited to, a recommendation that his action be dismissed as a sanction under Rule 11 of the Federal Rules of Civil Procedure.

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 13) is granted;

2. Plaintiff shall submit, within twenty-one days from the date of this order, the $400.00 filing fee. Plaintiff's failure to comply with this order will result in a recommendation that his

4

motion to proceed in forma pauperis be denied, and that this action be dismissed;

    3. Plaintiff's motions for name change (ECF Nos. 7 & 13) are partially granted; and

    4. The Clerk of the Court is directed to change plaintiff's name on the docket, as follows: "Horace Thomas, aka Horace Bell."

Dated: March 7, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bell0106.1915